1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

| | | |
|---|---|---|
| LOREN RAY KOONTZ, | ) | Case No. EDCV 13-01510-AS |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| | ) | |
| v. | ) | **ORDER OF REMAND** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED
that this matter is remanded for further administrative action
consistent with this Opinion.


                            **PROCEEDINGS**


    On August 22, 2013, Plaintiff filed a Complaint seeking review of
the Commissioner's denial of Plaintiff's application for Disability
Insurance Benefits. (Docket Entry No. 1).  On December 24, 2013,
Defendant filed an Answer and the Administrative Record ("AR"). (Docket
Entry Nos. 11, 12).  The parties have consented to proceed before a
United States Magistrate Judge. (Docket Entry Nos. 7, 8).  On April 1,

2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 17). On June 1, 2015, Defendant filed an Exhibit to the Joint Position Statement ("Joint Stip. Exhibit"). (Docket Entry No. 21).

The Court has taken this matter under submission without oral argument. <u>See</u> C.D. Local R. 7-15; "Order Re: Procedures in Social Security Case," filed October 30, 2013 (Docket Entry No. 5).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 25, 2010, Plaintiff, a former cabinet installer (<u>see</u> 1 AR 178), filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since March 22, 2010. (<u>See</u> 1 AR 159-65). On March 12, 2012,[1] the Administrative Law Judge ("ALJ"), Marti Kirby, heard testimony from Plaintiff and vocational expert Corinne Porter. (<u>See</u> 1 AR 44-76). On March 15, 2012, the ALJ issued a decision denying Plaintiff's application. The ALJ determined that Plaintiff had severe impairments -- osteoarthritis of the left knee; degenerative joint disease of the right hip; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; right radiculopathy; depression; and anxiety. The ALJ determined that Plaintiff had the following residual functional capacity ("RFC")[2]: the ability to perform light work with certain limitations, including: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking for 4 hours out of an 8-hour workday, but no more than 10 to 15 minutes at a time; a sit/stand option of 1 hour;

---

[1]   The transcript of the hearing incorrectly states the hearing took place on March 12, 2013 (<u>see</u> 1 AR 44, 76). (<u>See</u> 1 AR 21, 151).

[2]   A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. <u>See</u> 20 C.F.R. § 404.1545(a)(1).

pushing and/or pulling unlimited; bending, stooping, balancing and climbing stairs occasionally; never kneeling, squatting or crawling; reaching overhead occasionally; never pushing, pulling or operating foot pedals with the left lower extremity; never walking on uneven terrain, climbing ladders, ropes or scaffolds, working at unprotected heights, around moving machinery or other hazards; no repetitive movement of the head or neck, either side to side or up and down; limited to work not involving high levels of stress; and occasionally will miss one day of work per month due to pain, depression or side effects of medication. Finding that there were jobs that exist in the national economy that Plaintiff could perform, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  (See 1 AR 21-36).

Plaintiff requested that the Appeals Council review the ALJ's decision.  (See 1 AR 15-17).  Plaintiff submitted the following to the Appeals Council: (a) legal arguments (see 1 AR 219-21); (b) medical records, specifically, reports (Orthopedic Disability/Return to Work Assessment Narrative Report; Multiple Impairment Questionnaire) prepared by consultative examiner Chirag N. Amin, M.D. on July 3, 2012 (see 1 AR 222-25); and (c) medical records from Kaiser Permanent dated January 20, 2012 to April 5, 2012, March 27, 2012 to August 15, 2012, and January 31, 2011 to November 14, 2012 (see 2 AR 930-1009).

On June 26, 2013, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (See 1 AR 1-7).  In its denial, the Appeals Council specifically declined to consider certain submitted medical records: "We also looked at evidence from Chirag N. Amin, M.D. and Kaiser Permanente, dated June 6, 2012 through April 1, 2013.  The Administrative Law Judge decided your case through March 15, 2012.  This new information is about a later time.  Therefore, it does not affect

the decision about whether you were disabled beginning on or before March 15, 2012." (1 AR 2).[3]

The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

## PLAINTIFF'S CONTENTIONS

Plaintiff makes three challenges to the ALJ's Decision. In the first claim of error, Plaintiff alleges the ALJ erred in rejecting the opinion of the examining physician and certain portions of the opinion of the treating physician. In the second claim of error, Plaintiff alleges that the ALJ erred in finding Plaintiff's testimony regarding his subjective complaints not credible. In the third claim of error, Plaintiff alleges that the Appeals Council erred in failing to consider and to incorporate into the administrative record the additional evidence presented to the Appeals Council. (See Joint Stip. at 6-13, 16-18, 22-24).

## DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff's third claim of error has merit and warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's third claim of error, the Court will not address Plaintiff's first and second claims of error.

---

[3]   Although the Appeals Council did incorporate into the administrative record certain medical records, namely, Representative's Briefs, dated July 27, 2012 and August 15, 2012, Medical Records from Kaiser Permanente dated January 31, 2011, January 20, 2012 to April 5, 2012 and March 27, 2012 to April 26, 2012, and a treatment note from Ronald Lee Warnell, M.D., dated December 29, 2012 (see 1 AR 5-6) –– the additional evidence which the Appeals Council expressly declined to consider was not incorporated into the administrative record.

**A.   The Appeals Council Failed to Consider the Additional Evidence Submitted by Plaintiff.**

Plaintiff asserts that the Appeals Council failed to consider the additional evidence submitted by Plaintiff and to incorporate a copy of the additional evidence into the administrative record. (See Joint Stip. at 22-24).[4] Defendant asserts that the Appeals Council properly declined to consider the additional evidence submitted by Plaintiff. (See Joint Stip. at 24-27).

As an initial matter, the Court has jurisdiction to address Plaintiff's claim that the Appeals Council failed to consider the additional evidence submitted by Plaintiff. See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000) ("[W]e properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for Review.").

To the extent that Plaintiff is alleging that the Appeals Council rejected the additional evidence and failed to incorporate the additional evidence in violation of various provisions of the Hallex manual (see Joint Stip. at 22-24), Plaintiff is not entitled to relief. See Roberts v. Commissioner, 644 F.3d 931, 933 (9th Cir. 2011)(stating that the Hallex manual "'does not carry the force of law and is not binding upon the agency.'").

"The Appeals Council will consider . . . any new and material evidence to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.976(b)(1), 416.1476(b). When evidence is submitted which does not relate to the period on or before the date of the ALJ's decision, the Appeals Council

---

[4]   A copy of the additional evidence submitted by Plaintiff to the Appeals Council has been provided to the Court. (See Docket No. 21 ["Exhibit to Joint Stipulation"]).

will return the additional evidence . . . with an explanation as to why it did not accept the additional evidence[.]" Id.

A claimant does not need to show good cause before submitting new evidence to the Appeals Council. Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012). New evidence is material if it "'bear[s] directly and substantially on the matter in dispute,' and there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)(quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984)).

Here, by stating that it was not considering the additional evidence submitted by Plaintiff because the "new information is about a later time" and therefore did not affect the disability determination (see AR 2), the Appeals Council arguably was not using the proper standard.  As noted above, the question for the Appeals Council was whether the additional evidence "relates to the period on or before the date of the administrative law judge hearing decision," see 20 C.F.R. §§ 404.976(b)(1), 416.1476(b), which in this case was March 15, 2012.

Contrary to Plaintiff's assertion (see Joint Stip. at 23-24), it appears that most of the additional evidence, particularly the additional Kaiser Permanente records (see Joint Stip. Exhibit at 20-148), did not relate to the period on or before March 15, 2012. However, as Plaintiff contends (see Joint Stip. at 23), the Orthopedic Disability/Return to Work Assessment Narrative Report and the Multiple Impairment Questionnaire prepared by consultative examiner Dr. Amin (see Joint Stip. Exhibit at 1-19) did relate to the period on or before March 15, 2012, as Dr. Amin specifically stated that the description of Plaintiff's symptoms and limitations applied as early as March 2010 (see Joint Stip. Exhibit at 18).

6

Moreover, Dr. Amin's reports extensively describe Plaintiff's symptoms and provide an opinion about Plaintiff's limitations which was more restrictive than the RFC found by the ALJ.  Since Dr. Amin's reports bear directly and substantially on Plaintiff's claim of disability, and since there is a "reasonable possibility" that Dr. Amin's reports would have changed the outcome of the ALJ's decision, the Appeals Council erred by not considering them.

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman, supra, 211 F.3d at 1175-78.  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, supra, 211 F.3d at 1179-81.

Since the Appeals Council failed to consider the additional evidence submitted by Plaintiff, remand is appropriate.  Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects.  Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

_____

[5]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the
(continued...)

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 2, 2015.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[5] (...continued)
immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's rejection of the opinion of the examining physician and certain portions of the opinion of the treating physician and the ALJ's finding that Plaintiff's testimony was not credible. [[Because this matter is being remanded for further consideration, these issues should also be considered on remand.]]